SUMMARY ORDER
UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals (“BIA”), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.
Wen Lan Zeng, through counsel, petitions for review of the BIA decision affirming the decision of an Immigration Judge (“IJ”) denying her application for asylum, withholding of removal, and relief under *395 the Convention Against Torture (“CAT”). We assume the parties’ familiarity with the underlying facts and the procedural history of the case.
When the BIA summarily affirms the decision of the IJ without issuing an opinion, see 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ’s decision as the final agency determination. See, e.g., Twum v. INS, 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the agency’s factual findings, including adverse credibility determinations, under the substantial evidence standard. See 8 U.S.C. § 1252(b)(4)(B); Jin Hui Gao v. U.S. Att’y Gen., 400 F.3d 963, 964 (2d Cir.2005) (per curiam).
An adverse credibility determination must be based on “specific, cogent reasons” that “bear a legitimate nexus to the finding.” Secaida-Rosales v. INS, 331 F.3d 297, 307 (2d Cir.2003); cf. 8 U.S.C. §§ 1158(b)(1)(B) and 1231(b)(3)(C). Inconsistent testimony often bears a legitimate nexus to an adverse credibility finding, but it need not be fatal if it is minor and isolated, and the testimony is otherwise generally consistent, rational, and believable. See Diallo v. INS, 232 F.3d 279, 288 (2d Cir.2000). Finally, while an adverse credibility finding may be based on the inherent implausibility of particular allegations, see, e.g., Jin Hui Gao, 400 F.3d at 964, it may not be based on speculation and conjecture, see Secaida-Rosales, 331 F.3d at 307. This Court has noted, however, that “[t]he point at which a finding that testimony is implausible ceases to be sustainable as reasonable and, instead, is justifiably labeled ‘speculation,’ in the absence of an IJ’s adequate explanation, cannot be located with precision.” Ming Xia Chen v. BIA 435 F.3d 141, 145 (2d Cir.2006).
Here, an independent review of the record indicates that the IJ’s findings are based on substantial evidence. The IJ presented specific examples in the record to support his adverse credibility finding. Most significantly, the IJ pointed to the implausibility of the petitioner’s explanation as to why she failed to mention, in her application, her second pregnancy. Further, it was reasonable for the IJ to determine that Zeng’s description of her abduction was implausible, absent any evidence to the contrary. In light of the IJ’s adverse credibility finding, we cannot disturb the IJ’s removal order, see 8 U.S.C. § 1252(b)(4), and petitioner’s failure to sustain her burden of proof with respect to her asylum claim necessarily renders her withholding claim without merit, Ramsameachire v. Ashcroft, 357 F.3d 169, 183 (2d Cir.2004). Finally, as petitioner did not adequately raise the issue before the BIA or this Court, the petition for review is denied insofar as it relates to her claim for relief under the CAT. See Foster v. INS, 376 F.3d 75, 77 (2d Cir.2004).
For the forgoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).